```
            IN THE UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF ARKANSAS
                       EL DORADO DIVISION
```

UNITED FIRE & CASUALTY CO.                              PLAINTIFF

       v.              Civil No. 07-1009

EVERS & WHATLEY ELECTRIC, INC.,
WILLIAM FOGLE, AND JOHN HUITT                          DEFENDANTS

## ORDER

NOW on this 19th day of June 2007, comes on for consideration the following motions:

    * Defendant John Huitt's **Motion to Dismiss for Lack of Jurisdiction** (document #9);

    * Defendant Evers & Whatley Electric's **Motion to Dismiss for Lack of Jurisdiction** (document #14);

    * Defendant John Huitt's **Motion to Stay Proceedings** (document #19); and

    * Defendant Evers & Whatley Electric's **Motion to Stay Proceedings** (document #26).

From said motions, plaintiff's responses thereto, and a review of the file, the Court finds and orders as follows:

    1.   On February 2, 2006, plaintiff United Fire & Casualty Co. ("United Fire") commenced this declaratory judgment action against defendants Evers & Whatley Electric, Inc. ("Evers"), William Fogle ("Fogle"), and John Huitt ("Huitt").  In its complaint United Fire seeks a declaration by the Court:

\* that United Fire has no duty under the policy of commercial auto insurance it issued to Evers (the "Policy") to defend either Evers or Fogle in any lawsuit arising out of an automotive accident that occurred on October 2, 2006, which might be brought against them by or on behalf of Huitt; and

\* that United Fire has no duty under the Policy to satisfy any judgment arising out of the October 2, 2006 accident that might be entered against either Evers or Fogle in favor of Huitt.

2.  On October 2, 2006, Fogle and Huitt, employees of Evers, were involved in an automobile accident.  The vehicle, which Fogle was driving, is covered by United Fire under the Policy.  Moreover, Evers and Fogle are insured under the Policy.  As a result of the accident, Huitt sustained personal injuries and damages.

3.  The Policy contains the following exclusions which are at issue in this proceeding:

\* An exclusion regarding any obligation for which Evers or United Fire may be held liable under any workers' compensation, disability benefits, or unemployment compensation law or any similar law;

\* An exclusion regarding coverage for bodily injury to an employee of Evers arising out of and in the course of employment with Evers or while performing duties related to Evers' business; and

\* An exclusion of coverage for any bodily injury to any fellow

employee of an insured arising out of and in the course of the fellow employee's employment or while performing duties related to Evers' business.

See Policy Sections II.B.3 and 4.

4. United Fire asserts that, at the time of the accident, Fogle and Huitt were working within the scope of their employment with Evers. Accordingly, United Fire says that Evers is liable under Arkansas workers' compensation law for Huitt's personal injuries and, as a result, the Policy exclusions (detailed above) apply, thereby precluding coverage of these injuries. Both Evers and Huitt deny these contentions.

5. On March 15, 2007, Huitt filed a motion to dismiss for lack of jurisdiction (document #9), in which Huitt argues that he was not working within the course and scope of his employment at the time of the accident. Moreover, Huitt states that the Arkansas Workers' Compensation Commission (the "Commission") has exclusive jurisdiction to determine whether an employer-employee relationship existed between Evers and Huitt at the time the accident occurred. That is, as the instant declaratory relief action asks the Court to determine the defendants' employer-employee relationship at the time of the accident, Huitt argues that the Court is without jurisdiction to hear this matter.

Similarly, on March 26, 2007, Evers filed a motion to dismiss for lack of jurisdiction (document #14), in which, like Huitt,

Evers argues that the Commission has exclusive jurisdiction over the determination of whether the personal injuries sustained by Huitt are work-related and whether an employer-employee relationship existed between the defendants at the time of the accident.

6. In responding to the defendants' respective motions to dismiss, United Fire does not dispute that the Commission has exclusive jurisdiction to determine the existence of an employer-employee relationship for purposes of applying the "exclusive remedy doctrine"[1] of the Arkansas Workers' Compensation Act (the "Act") in a suit brought by an employee against his employer. However, United Fire disputes that workers' compensation law is controlling in the instant case, as this suit for declaratory relief is not a claim for injury or death brought by an employee against an employer. Further, United Fire states that, in the present case, the determination of employment status is being made under the terms of an insurance policy – not workers' compensation law.

7. The Court agrees with United Fire in that the instant case does not fall under the exclusive remedy doctrine of the Act, found

---

[1] The exclusive remedy provision of the Arkansas Workers' Compensation Act clearly indicates that any claim for injury or death brought by an employee against his employer "may only be brought under the [Workers' Compensation] Act, thus eliminating an employer's tort liability." Elam v. Hartford Fire Insurance Co., 42 S.W.3d 443, 448 (Ark. 2001).

at Arkansas Code § 11-9-105(a). According to the Act, an employee's remedy against his employer for injuries sustained on the job is to file a workers' compensation claim, and this remedy is exclusive to the employer. Elam v. Hartford Fire Insurance Co., 42 S.W.3d 443, 448 (Ark. 2001) (applying the exclusive remedy provision to employee claims for injury or death against an employer).

This case does not involve a claim brought by an employee against an employer for injury or death. Rather, United Fire has requested that the Court make a determination of employment status, as it existed at the time of the October 2nd car accident, under the terms of the Policy – not Arkansas workers' compensation law.

For the foregoing reasons, the Court finds that the defendants' respective motions to dismiss for lack of jurisdiction should be denied.

8. On April 9, 2007, Huitt requested a hearing before the Commission to determine whether the injuries he sustained in the October 2nd automobile accident were work-related. Specifically, Huitt seeks a determination by the Commission that the accident occurred in a time and manner such that it is not covered by the Act – thereby permitting Huitt to pursue a negligence suit against Evers in state court.

9. On April 9, 2007, Huitt also filed with this Court a motion to stay proceedings (document #19). Subsequently, on April 18, 2007, Evers filed its motion to stay proceedings (document

#26). In these motions, both defendants request that this Court stay the present proceedings until the Commission issues its ruling on the workers' compensation related issues now before it. Huitt and Evers argue that, by staying the present declaratory relief action, the Court will avoid the piece-mill litigation of duplicative issues that have been raised in both forums – that is, both before the Commission and this Court. They say the Commission will determine the issue of whether Huitt's injuries were sustained while working in the course and scope of his employment with Evers – a determination which is fundamental and essential to the Court's ruling in the instant case.

    10. In responding to the defendants' respective motions to stay, United Fire argues:

    * that staying this case would prejudice United Fire, as it is not a party to the workers' compensation proceeding;

    * that United Fire's only means of obtaining a determination of its rights with regard to the Policy is through the present proceeding – otherwise, United Fire will be without a remedy;

    * that despite being factually related, the issues raised by the present insurance coverage dispute are distinct from the workers' compensation proceeding and issues;

    * that a ruling from the Commission would not have collateral estoppel effect in the instant action because, among other deficiencies, United Fire is not a party to the workers'

compensation case in question; and

\* that the Commission will only decide issues related to workers' compensation law – not the insurance coverage issues presented in this case.

11. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 255 (1936). Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both. Landis, 299 U.S. at 255. However, such considerations are counsels of moderation rather than limitations upon a court's power to stay proceedings. Id. Moreover, the United States Supreme Court has rejected the notion that, before proceedings in one suit may be stayed to abide the proceedings in another, the parties to the two causes must be shown to be the same and the issues identical. Id. at 254.

In the present proceeding, granting the defendants' motions to stay would not prejudice United Fire by foreclosing its opportunity to adjudicate the contractual issues now before this Court. Rather, the proposed stay would only delay this opportunity – a logical step given the issues presently before the Commission. Additionally, while the Commission's ruling on the issues before it

will not dispose of the issues in this case, the Commission's determination of whether an employer-employee relationship existed at the time of the accident will assist the Court in ultimately deciding whether the aforementioned Policy exclusions apply to coverage of the October 2nd car accident.  Without question, the Commission is the expert body charged with determining whether an employer-employee relationship exists in workers' compensation cases.  Thus, the Commission has the unique aptitude for deciding the particular issue of the defendants' employer-employee relationship at the time of the accident.  The Court, then, will review and consider the Commission's expert determination in deciding this specific aspect of the declaratory relief action before it – as this will aid in the disposition of the present case "with economy of time and effort for itself, for counsel, and for [the] litigants."  Landis, 299 U.S. at 255.

For the foregoing reasons, the Court finds that Huitt's and Evers' motions to stay should be granted and this proceeding should be stayed until the Commission rules on the issue of the employer-employee relationship in question.  The Court will then consider the Commission's expert determination in resolving the declaratory judgment action presently before it.

**IT IS THEREFORE ORDERED** that defendant Huitt's **Motion to Dismiss for Lack of Jurisdiction** (document #9) and defendant Evers' **Motion to Dismiss for Lack of Jurisdiction** (document #14) should

-8-

be, and hereby are, **DENIED**.

    **IT IS FURTHER ORDERED** that defendant Huitt's **Motion to Stay Proceedings** (document #19) and defendant Evers' **Motion to Stay Proceedings** (document #26) should be, and hereby are, **GRANTED**.

    **IT IS FURTHER ORDERED** that this action is stayed until resolution of the workers' compensation action pending before the Commission.  Upon conclusion of the workers' compensation action, any party to the instant proceeding may file a motion to reopen this case.

    **IT IS SO ORDERED.**

    **/s/ Jimm Larry Hendren**
    **JIMM LARRY HENDREN**
    **UNITED STATES DISTRICT JUDGE**