```
            IN THE UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF ARKANSAS
                      EL DORADO DIVISION

UNITED FIRE & CASUALTY CO.                              PLAINTIFF

v.                      Civil No. 07-1009

EVERS & WHATLEY ELECTRIC, INC.,
WILLIAM FOGLE, AND JOHN HUITT                          DEFENDANTS
```

### O R D E R

NOW on this 1st day of May 2008, comes on for consideration the following motions:

\* Defendant John Huitt's **Motion for Summary Judgment** (document #36);

\* Plaintiff United Fire & Casualty Company's **Cross-Motion for Summary Judgment** (document #39); and

\* Defendant Evers & Whatley Electric's **Motion to Dismiss for Lack of Jurisdiction** (document #52). From said motions, the responses thereto, and a review of the file, the Court finds and orders as follows:

1. On February 6, 2007, plaintiff United Fire & Casualty Company ("United Fire") commenced this declaratory judgment action against defendants Evers & Whatley Electric, Inc. ("Evers"), William Fogle ("Fogle"), and John Huitt ("Huitt"). In its complaint United Fire seeks a declaration by the Court:

-1-

 * that United Fire has no duty under the policy of commercial automobile insurance it issued to Evers (the "Policy") to defend either Evers or Fogle in any lawsuit arising out of an automobile accident that occurred on October 2, 2006, which might be brought against them by or on behalf of Huitt; and

 * that United Fire has no duty under the Policy to satisfy any judgment, arising out of the October 2, 2006 accident, that might be entered against either Evers or Fogle in favor of Huitt.

 2.  On October 2, 2006, Fogle and Huitt, employees of Evers, were involved in an automobile accident (the "accident").  The vehicle, which Fogle was driving, is covered by United Fire under the Policy.  Moreover, Evers and Fogle are insured under the Policy.  As a result of the accident, Huitt sustained personal injuries and damages.

 The Policy contains the following exclusions which are at issue in this proceeding:

 * An exclusion regarding coverage for bodily injury to an employee of Evers arising out of and in the course of employment with Evers or while performing duties related to Evers' business; and

 * An exclusion of coverage for any bodily injury to any fellow employee of an insured arising out of and in the course of

the fellow employee's employment or while performing duties related to Evers' business.  See Policy Sections II.B.3 and 4.

United Fire asserts that, at the time of the accident, Fogle and Huitt were acting within the scope and course of their employment with Evers.  Accordingly, United Fire says that the Policy exclusions (detailed above) apply, thereby precluding coverage of Huitt's injuries.  Both Evers and Huitt deny these contentions.

3.  On April 9, 2007, Huitt requested a hearing before the Arkansas Workers' Compensation Commission (the "Commission") to determine whether the injuries he sustained in the accident were work-related.  Specifically, Huitt sought a determination by the Commission that the accident occurred in a time and manner such that it is not covered under the Arkansas Workers' Compensation Act – thereby permitting Huitt to pursue a negligence suit against Evers and Fogle in state court.

On April 9, 2007, Huitt also filed with this Court a motion to stay proceedings (document #19).  Subsequently, on April 18, 2007, Evers filed its motion to stay proceedings (document #26). In these motions, both defendants requested that this Court stay the present proceedings until the Commission made its ruling on the workers' compensation-related issues then before it.

Thereafter, on June 19, 2007, the Court entered an Order granting the defendants' motions to stay. In so doing, the Court noted that the Commission's determination of whether an employer-employee relationship existed at the time of the accident would assist the Court in ultimately deciding whether the aforementioned Policy exclusions apply to coverage of the accident.

4. On August 27, 2007, after conducting a hearing, the Commission issued an opinion in which it held, in relevant part, that:

* Huitt was not performing employment services at the time the accident occurred;

* Huitt was not acting within the course of his employment for Evers when the accident occurred; and

* Huitt did not sustain a compensable injury within the meaning of the Arkansas Workers' Compensation Act.

Subsequently, upon motion by Huitt, this Court entered an Order reopening the instant case for determination. The Court will now address, in turn, the various motions presently before it.

5. The Court will first consider the motion to dismiss for lack of jurisdiction filed by Evers (document #52). United Fire

-4-

brought this action under 28 U.S.C. § 2201, which authorizes federal courts to issue declaratory judgments in most cases within their jurisdiction. See generally 28 U.S.C. § 2201. In its motion, Evers urges the Court to dismiss this matter for lack of jurisdiction on ripeness grounds. Specifically, Evers argues that while an actual controversy exists between United Fire and the other defendants (i.e. Huitt and Fogle) – as Huitt has sued Fogle in state court — there is no such controversy between United Fire and Evers. Evers says that because Huitt has not yet sued it in state court, and United Fire has not yet been called upon by Evers to either defend or indemnify it, there is not, at this time, a ripe controversy between United Fire and Evers.

In response, United Fire asserts that the filing of an underlying suit is not a prerequisite to a declaratory judgment action seeking a determination of rights under an insurance policy. Moreover, United Fire argues that a determination of coverage as to all interested parties should come in one action to avoid multiple cases with the potential of inconsistent interpretations of the Policy.

The question presented in Evers' motion to dismiss is whether there is an "actual controversy," within the meaning of the Declaratory Judgment Act, as between Evers and United Fire.

This Court is without power to grant declaratory relief unless such a controversy exists. Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 272 (1941). That is, the Court must determine, as a threshold matter, whether the claims against Evers are ripe for consideration.

The ripeness doctrine flows both from Article III "cases" and "controversies" limitations and from prudential considerations for refusing to exercise jurisdiction. Nebraska Public Power Dist. v. MidAmerican Energy Co., 234 F.3d 1032, 1037 (8th Cir. 2000). Its "basic rationale is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." Abbott Labs. v. Gardner, 387 U.S. 136, 148 (1967). It requires that before a federal court may address a question, there must exist "a real, substantial controversy between parties having adverse legal interests, a dispute definite and concrete, not hypothetical or abstract." Babbitt v. United Farm Workers Nat'l Union, 442 U.S. 289, 298 (1979). Parties may not simply submit questions of general interest or curiosity to the federal court. Nebraska Public Power, 234 F.3d at 1038.

In the instant case, the issue before the Court is legal in nature, may be resolved without further factual development, and

judicial resolution will settle the parties' dispute. See Nebraska Public Power, 234 F.3d at 1038.  Further, resolution of the issues before it will avoid the threatened harm of piecemeal litigation. See id. (discussing the element of threatened harm in making a ripeness determination).  Particularly, inclusion of Evers as a defendant is proper because it will eliminate the danger of conflicting interpretations of the Policy.  By resolving this matter as to both the insured employees and the insured company, Evers, the Court may give more complete relief. See generally Maryland Cas. Co., 312 U.S. 270.  Finally, while Huitt has not, at this point, sued Evers, there is clearly a dispute or controversy between United Fire and Evers as to the fact or extent of United Fire's obligation to defend those insured under the Policy.  In the Court's view, this is not a hypothetical or abstract disagreement.

For the foregoing reasons, the Court finds that an actual controversy exists between United Fire and Evers.  Accordingly, the Court finds that subject matter jurisdiction is proper in this case and that Evers' motion to dismiss should be denied.

6.  The Court will now address the cross motions for summary judgment before it.  In short, in its motion United Fire contends that it is entitled to a declaratory judgment of no coverage as

to Evers or Fogle for the injuries sustained by Huitt in the accident. On the other hand, Huitt moves for summary judgment, arguing that he is entitled to coverage under the Policy. Evers has responded in opposition to United Fire's motion, claiming that the Policy exclusions at issue do not apply to the accident.

The standard to be applied to a motion for summary judgment is set forth in Rule 56 of the Federal Rules of Civil Procedure and provides for the entry of summary judgment on a claim if:

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c); see also Carroll v. Pfeffer, 262 F.3d 847 (8th Cir. 2001); Barge v. Anheuser-Busch, Inc., 87 F.3d 256 (8th Cir. 1996). Summary judgment is to be granted only where the evidence is such that no reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Accordingly, all evidence must be viewed in the light "most favorable to the non-moving party." F.D.I.C. v. Bell, 106 F.3d 258, 263 (8th Cir. 1997).

Where a movant makes and properly supports a motion for summary judgment, the opposing party may not rest upon the

allegations or denials of its pleadings; rather, the non-movant must "set forth specific facts showing that there is a genuine issue for trial."  Liberty Lobby, 477 U.S. at 256.  The non-moving party must "make a sufficient showing on every essential element of its case for which it has the burden of proof at trial."  Wilson v. Southwestern Bell Tel. Co., 55 F.3d 399, 405 (8th Cir. 1995).

    7.   From the statement of facts submitted by the parties, the pleadings, and for the purpose of the motions before the Court, the following material, undisputed facts appear:

    * United Fire issued a policy of commercial automobile insurance to Evers, with a policy period beginning December 21, 2005 and ending December 21, 2006.

    * On October 2, 2006, while the Policy was in force, an automobile accident occurred in Warren, Mississippi.

    * At the time of the accident, Fogle was driving a 1997 Chevrolet pickup truck, which is owned by Evers and covered under the Policy.[1]  Huitt was a passenger in the vehicle.

---

[1] Note that Evers disputes that it entrusted its vehicle to Fogle and that Fogle was driving the truck with its permission.

\* At the time of the accident, both Huitt and Fogle had been working out-of-state in Mississippi as employees of Evers.  Huitt and Fogle reside and typically work in Arkansas.

\* On October 2, 2006, Huitt returned to his hotel after work and ate dinner.  At approximately 7:00 p.m. that evening, Huitt and Fogle left the hotel in the company truck to take a sightseeing tour of a game reserve on an island.

\* The accident occurred while returning from the sightseeing tour.  Fogle lost control of the truck, left the roadway, and struck a tree stump.  As a result of the accident, Huitt sustained personal injuries.

\* At the time of the accident Fogle and Huitt were not performing work or employment services for Evers and were engaging in personal recreation activities.

8. Considering the aforementioned undisputed facts, the Court now turns to the question of coverage under the Policy issued by United Fire.  In determining coverage under an insurance policy, a court first examines the policy itself.  If the terms of the policy are clear and unambiguous, the policy language controls; and absent statutory strictures to the contrary, exclusionary clauses are generally enforced according to their terms.  <u>State Automobile Ins. Co. v. Lawrence</u>, 358 F.3d

982, 986 (8th Cir. 2004). Whether the language of a policy is ambiguous is a question of law to be resolved by the Court. Norris v. State Farm Fire & Cas. Co., 16 S.W.3d 242, 246 (Ark. 2000). Policy language is considered ambiguous if there is doubt or uncertainty as to its meaning and it is susceptible to more than one reasonable interpretation. Nichols v. Farmers Ins. Co., 128 S.W.3d 1, 4 (Ark. App. 2003).

The language in an insurance policy is to be construed in its plain, ordinary, and popular sense. Essex Ins. Co. v. Inland Marine Sales, LLC, 387 F.Supp.2d 978, 982 (W.D. Ark. 2005); Tri-State Ins. Co. v. Sing, 850 S.W.2d 6, 8 (Ark. App. 1993). "Contracts of insurance should receive a practical, reasonable and fair interpretation consonant with the apparent object and intent of the parties in the light of their general object and purpose." Tri-State, 850 S.W.2d at 8. Moreover,

> [i]nsurance policy provisions must be construed most strongly against the insurance company which prepared the policy. If a reasonable construction would justify recovery under an insurance policy, it is the duty of the court to give that construction to the policy.

Essex Ins. Co., 387 F.Supp. at 982.

9. The two policy exclusions at issue exclude coverage for bodily injury to employees of the insured that arise out of and *in the course of employment* with the insured *or* that occur while

-11-

performing duties related to the conduct of the insured's business. United Fire concedes that at the time of the accident neither Huitt nor Fogle were performing duties related to their employment – that is, they were participating in recreational activities. However, United Fire argues that because Huitt and Fogle were employees of Evers at the time of the accident and were on a business trip at the direction of Evers, the accident occurred in "the course of" their employment – thereby triggering both exclusions. Thus, the determination of coverage in this case centers on an interpretation of the phrase "in the course of employment" – as that phrase is used in the Policy exclusions at issue.

In claiming that the accident occurred in the course of employment, United Fire first argues that under Arkansas law employees whose work entails travel away from the employer's premises are held to be within the course of their employment continuously during the trip – except when a distinct departure on a personal errand is shown. See Arkansas Dept. of Health v. Huntley, 675 S.W.2d 845 (Ark. App. 1984). The central consideration, United Fire claims, is that activities of a personal nature, not forbidden but reasonably to be expected, may

be a material incident of employment and injuries suffered in the course of such activities occur in the course of employment.

Further, United Fire argues that "course of employment" is a necessarily broader concept than "performing employment duties" and that the entire business trip was within the course of Fogle's and Huitt's employment. United Fire asserts that interpreting "course of employment" to include only work-related duties would render the Policy's "course of employment" language surplusage.

Both Huitt and Evers argue that under Arkansas workers' compensation law, the accident did not occur in the course of employment – as neither Huitt nor Fogle were carrying out Evers' purpose or advancing its interests directly or indirectly at the time of the accident. This conclusion, Huitt and Evers say, is supported by the Commission's August 2007 decision, wherein it determined that Huitt's injuries are not covered under the Arkansas Workers' Compensation Act.

It is the Court's duty to enforce the Policy as written and in accordance with the ordinary meaning of the language used and the overall intent and purpose of the parties. Hancock v. Tri-State Insurance, 858 S.W.2d 152, 154 (Ark. App. 1993). In the instant case, the Court finds nothing vague or unclear in the

language of the Policy exclusions and, without question, they relate to the same problem – work-related injury to employees. See Hancock, 858 S.W.2d at 154.  This was a risk excluded from Policy coverage, as the parties recognized that "work-related injuries to employees are to be compensated under the provisions of workers' compensation law." Id.  This recognition makes apparent the purpose of the exclusions at issue – that is, preventing double recovery by providing workers' compensation benefits as the exclusive remedy in cases where an employee is injured while acting within the course of his employment.

    Moreover, the facts of this case are clear.  The sightseeing tour, which led to the accident, was not an inherent or necessary incident of employment with Evers.  The accident occurred at night, after work hours, when Huitt and Fogle were free to do whatever they wished.  It was solely their decision to go on the sightseeing tour – an activity that was purely personal in nature and in no way advanced the interests of Evers.  Further, the activity was not, as United Fire suggests, reasonably expectable so as to be an incident of employment.  While the Court agrees with United Fire's assertion that the Policy's use of "course of employment" is broader in scope than "performing employment

duties," the Court does not believe "course of employment" to be so broad as to encompass the accident.

Thus, given the plain meaning of the Policy's exclusionary clauses and the undisputed facts of this case, the Court finds that summary judgment in favor of Huitt is proper. Specifically, the Court finds that the accident was not within the course of employment and the Policy exclusions at issue in this case do not apply. Consequently, the Court finds that the Policy provides coverage to Evers and Fogle for the injuries sustained by Huitt in the October 2, 2006 accident.

Finally, the Court notes its belief that its decision is consistent with Arkansas workers' compensation law. See generally, Moncus v. Billingsley Logging & American Ins. Co., 235 S.W.3d 877 (Ark. 2006) (holding that key consideration is whether employee was directly or indirectly advancing the interests of the employer at the time of the injury). And, while the Court recognizes that there are differences in the general construction of workers' compensation and insurance coverage laws, "there can be little doubt that the essential elements of employment remain the same regardless of the context." Eagle Star Ins. Co., LTD. v. Deal, 474 F.2d 1216, 1220 (8th Cir. 1973). Clearly, then, general principles of workers' compensation law are instructive

in cases such as this; and the Court believes that its decision follows the controlling rules of insurance law while also giving due consideration to the fundamental principles of Arkansas workers' compensation law. See Eagle Star, 474 F.2d at 1219-20.

**IT IS THEREFORE ORDERED** that **Defendant Evers & Whatley Electric's Motion to Dismiss for Lack of Jurisdiction** (document #52) should be, and it hereby is, **DENIED**.

**IT IS FURTHER ORDERED** that **Plaintiff United Fire's Cross-Motion for Summary Judgment** (document #39) should be, and it hereby is, **DENIED**.

**IT IS FURTHER ORDERED** that **Defendant John Huitt's Motion for Summary Judgment** (document #36) should be, and it hereby is, **GRANTED** and judgment in favor of Defendants John Huitt, William Fogle, and Evers & Whatley Electric, Inc. will be entered by separate document filed concurrently herewith.

**IT IS SO ORDERED.**

                                                **/s/ Jimm Larry Hendren**
                                                **JIMM LARRY HENDREN**
                                                **UNITED STATES DISTRICT JUDGE**